70546. FISHER v. KENTUCKY FRIED CHICKEN et al.
(333 SE2d 877)

BIRDSONG, Presiding Judge.

Malicious Prosecution — Summary Judgment. The facts giving rise to this appeal show that in June 1980, the appellant, Stephen Fisher, was employed by Kentucky Fried Chicken as an assistant store manager. As store manager or assistant store manager, that person by store policy was required to secure the accumulated cash from the day's business and either deposit it that day if sufficiently large in

amount to warrant immediate deposit or to place it in the safe and make a deposit of the previous day's accumulation the following morning if business was slower as was customary during weekdays. Apparently during the days of June 15, 16, and 17, 1980, Fisher was not working. Thus, the deposit responsibility lay with the store manager. When Fisher returned to work on Wednesday, June 18, he found three days of accumulated deposits in the safe. He stated that he was upset because the manager had not made the necessary deposits.

For some unexplained reason, Fisher accumulated the cash deposits for Wednesday (June 18) and left them in the safe with all the other deposits that had accumulated. Though he had an opportunity to make a deposit during working hours, he maintained that because of one reason or another, he did not make any deposits on Thursday, Friday, or on the weekend. During the weekend, Fisher removed all or a great part of the accumulated cash amounting to $2,316 and placed the cash in the trunk of his car. He still made no deposits. He did not work on Monday or Tuesday. On Monday, June 23, the store manager was asked to account for the accumulated missing deposits. Fisher was not available for explanation; therefore, the store personnel were not aware where the money might be. All personnel except Fisher took polygraph examinations and accounted for their activities. The store manager attempted to locate Fisher and left word with Fisher's wife for Fisher to contact the store or the manager. Fisher acknowledged that he thought the inquiry related to the undeposited cash which was still in the trunk of his car.

On Wednesday, June 25, Fisher and his manager and another employee discussed the deposits. At that time, Fisher admitted that he had taken the money from the safe but that he had already made the deposit, a fact that Fisher knew to be untrue. On Thursday, Fisher reported for work and again was asked about the deposit slips for the cash but did not correct the deposit misinformation. He became aware that the manager believed he (Fisher) had taken the money. When he left the store on Thursday, Fisher submitted a letter of resignation and surrendered his store work clothes to his area manager. By this time, Fisher was aware that Kentucky Fried Chicken had commenced an investigation into the status of the missing cash which was still in the trunk of his car, but which he had by now twice stated that he had deposited. On Friday, Fisher finally went to a bank different from the one he usually made deposits and deposited the entire accumulation of cash to the account of Kentucky Fried Chicken.

Fisher's area manager, Robert Jones, was aware by Friday, June 28, that Fisher had kept the money in his possession for at least a week and had twice lied by asserting that the money had been deposited. Jones had contacted his superiors and related these facts includ-

ing that as of noon Friday the cash had finally been surrendered by Fisher. Jones was informed that prosecution for theft by taking was authorized. Fisher was directed to report to a police station late on Friday evening for further questioning. He admitted that he knew the money belonged to Kentucky Fried Chicken and that he had made a serious mistake by taking the money from the safe and placing it in his car for a week without making an accounting or depositing the same. The police officer in charge of the investigation indicated to Jones that a crime had been committed and that arrest and charges were warranted. Jones then swore out a warrant for theft by taking and Fisher was arrested on that charge. Subsequently at a recorder's court, the recorder found insufficient direct evidence to support the charge of theft and ordered the charges dismissed. Fisher then filed a complaint alleging malicious prosecution, false arrest, false imprisonment and slander. After answer and appropriate discovery, Kentucky Fried Chicken and Jones moved for summary judgment which motion was granted by the trial court. It is this grant of summary judgment that forms the basis for this appeal by Fisher. *Held*:

Fisher enumerates four asserted errors. However, the basis of each is that because Fisher returned the money before a warrant was procured for his arrest, the warrant as well as the attempted prosecution for theft by taking was not based upon probable cause but out of personal malice. Fisher in essence urges that there was evidence that would have authorized a jury to conclude that he (Fisher) had no intent to steal the money and because a jury could have found the lack of an intent there remained genuine issues of fact that would preclude the grant of summary judgment. More specifically he argues the facts show that he could have been negligent or forgetful as well as being larcenous and this dispute required disposition by a jury.

We are in full agreement with the trial court that such arguments do not raise issues sufficient to withstand a grant of summary judgment. "It is public policy to encourage citizens to bring to justice those who are apparently guilty. [Cit.] 'The courts have always distrusted malicious prosecution actions, and have retained a strong hand over them. For this reason the existence of probable cause, which involves only the conduct of a reasonable man under the circumstances, and does not differ essentially from the determination of negligence, usually is taken out of the hands of the jury, and held to be a matter for decision by the court.' [Cit.]" *Day Realty Assoc. v. McMillan*, 247 Ga. 561, 562 (277 SE2d 663).

In this case, it manifestly is clear that the essential facts are not in dispute. Fisher did indeed take money belonging to Kentucky Fried Chicken and keep it in his car for a week without making the deposits he knew he had to make. He falsely stated he had made deposits and did not admit he had taken the money and placed it in his

car until after an official investigation was undertaken. Even though he was fully aware that the company was looking for its money and repeated opportunities had passed during which he could have deposited the money, he persisted in his possession and told untruths about that possession. When the facts are uncontested, it is for the court to determine the probable cause issue. *West v. Baumgartner*, 228 Ga. 671, 676 (187 SE2d 665).

The overriding question in actions for malicious prosecution is not whether the plaintiff was guilty, but whether the defendant had reasonable cause to so believe — whether the circumstances were such as to create in the mind a reasonable belief that there was probable cause for the prosecution. *Tanner-Brice Co. v. Barrs*, 55 Ga. App. 453 (2) (190 SE 676). In such prosecutions, the burden of proving want of probable cause is on the plaintiff. *Auld v. Colonial Stores*, 76 Ga. App. 329, 335 (45 SE2d 827). This burden is not carried in any reasonable sense unless the plaintiff shows that under the facts as they appeared to the prosecutor at the time of the prosecution, that the defendant could have had no reasonable grounds for believing the plaintiff to be guilty of the charge brought. *Barber v. Addis*, 113 Ga. App. 806 (1) (149 SE2d 833).

In assessing the reasonableness of Jones' belief in probable cause, we can see by his testimony at the time he swore out the warrant he (Jones) believed that Fisher intended to steal the money and he still believed that at the time of discovery by deposition. Our court has concluded in the past that such a belief is not unwarranted. For example, entrustment of money to an employee who does not make a proper accounting when asked to do so, constitutes probable cause to believe that the employee is guilty of defalcation. *Harris v. Gray*, 58 Ga. App. 689 (1) (199 SE 831). Furthermore, removing and handling money in an unauthorized manner and without the owner's knowledge or consent gives rise to a reasonable conclusion of probable cause that a crime has been committed. *Smith v. Ragan*, 140 Ga. App. 33 (230 SE2d 89). Lastly, though Fisher sought to explain that he was piqued because his manager had not made deposits for three days and that thereafter for the next ten days he simply did not have an opportunity to make a deposit and that his secluding the cash in the trunk of his car either was for safekeeping or was merely inadvertent and harmless, Kentucky Fried Chicken and the area manager were not required to believe that explanation. *McMillan v. Day Realty Assoc.*, 159 Ga. App. 366 (283 SE2d 298). We are completely satisfied that Fisher's unauthorized assumption of control of the cash for a substantial period of time and his lies about the disposition of that money, establish reasonable grounds for believing that he probably intended to take the money until his possession was discovered and only that discovery prompted his change of heart and return by way of deposit.

His actual intent has no bearing on the malicious prosecution case. *Ross v. Rich's,* 129 Ga. App. 716 (201 SE2d 159); *Turner v. Bogle,* 115 Ga. App. 710 (155 SE2d 667). Likewise the fact that Fisher returned the money by deposit prior to the swearing out of the warrant does not obviate or excuse conduct that reasonably may be concluded to be criminal. As aptly observed by the appellee, once a crime is completed, it may not be undone by simple recantation. See *Martin v. State,* 143 Ga. App. 875, 876 (240 SE2d 231).

Inasmuch as the question before the trial court was one of probable cause and that issue was not one of disputed fact but of applicable law, we find no error in the grant of summary judgment in favor of the appellees. See *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442).

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED JULY 11, 1985 —
REHEARING DENIED JULY 23, 1985 — ▮▮▮▮▮▮▮▮▮▮

*Alex D. McLennan, Claude R. Ross, Melvin G. White,* for appellant.
*Oliver B. Dickins, Jr.,* for appellees.