73971. ARNOLD v. ECKERD DRUGS OF GEORGIA, INC.
(358 SE2d 632)

CARLEY, Judge.

Appellant-plaintiff sued appellee-defendant, alleging claims for false arrest and malicious prosecution. The trial court granted appellee's motion for summary judgment and appellant appeals.

Notwithstanding the trial court's written findings denominating certain facts as undisputed, we have conducted our own review of the record. When the evidence is construed most strongly in appellant's favor, the material facts are as follows: After making purchases in appellee's store, appellant attempted to leave the premises. Appellee had posted notice of its utilization of an antishoplifting device. See OCGA § 51-7-61 (c). As she approached the antishoplifting device, the alarm sounded. Appellant immediately realized why the alarm had been activated. She had mistakenly put an item from appellee's store in her pocket and had then forgotten to pay for it. That item was a pen. While appellee's cashier searched appellant's package to determine whether there were any undecoded items among those that appellant had bought, appellant walked across the store to a magazine rack. After leafing through a magazine for a few minutes, she removed the pen from her pocket and placed it on a candy rack. Appellee's store manager had observed appellant's behavior after the antishoplifting alarm had sounded. Appellant was arrested and charged

with shoplifting, notwithstanding her after-the-fact explanation that she had simply forgotten about the pen and had acted surreptitiously to place it on the candy rack only because she was upset and embarrassed, not wanting anyone to think that she was a shoplifter. After a jury acquitted appellant of the criminal charge of shoplifting, she brought this civil action.

Appellant contends that the trial court erred in granting summary judgment because the question of the existence of probable cause for her arrest and prosecution is a jury issue. "The question of probable cause is a mixed question of law and fact. Whether the circumstances alleged to show probable cause existed is a matter of fact, to be determined by the jury, but whether they amount to probable cause is a question of law for the court. [Cits.]" *Hearn v. Batchelor*, 47 Ga. App. 213, 214 (3) (170 SE 203) (1933). "The material facts in this case were essentially undisputed. Therefore, whether or not probable cause existed was for determination by the court. [Cit.]" *Melton v. LaCalamito*, 158 Ga. App. 820, 823 (2b) (282 SE2d 393) (1981). See also *Abernathy v. Dover*, 139 Ga. App. 323 (228 SE2d 359) (1976); *Fisher v. Kentucky Fried Chicken*, 175 Ga. App. 542 (333 SE2d 877) (1985).

Contrary to appellant's assertions, the evidence shows that it was not the mere activation of the automatic alarm that provided appellee with probable cause to have appellant arrested and prosecuted for shoplifting. The activation of the alarm provided reasonable cause to detain appellant while making an inquiry into the circumstances thereof. OCGA § 51-7-61 (b). While appellant was so detained, she was observed to remove from her pocket and then to place on a rack an item of appellee's merchandise for which she had not paid and with which she had attempted to leave the store. These observations of appellant's activities constituted a visual "inquiry into the circumstances surrounding the activation of the [antishoplifting] device." OCGA § 51-7-61 (b). Although appellant gave an exculpatory explanation for her activation of the device and her subsequent actions, it was not offered until after she had been observed removing the unpurchased merchandise from her pocket and returning it to a shelf. However innocent appellant's intentions may have been, her actions were highly suspicious and she does not deny that she did have the merchandise on her person and that she did attempt to return it under suspicious circumstances. Compare *Tomblin v. S. S. Kresge Co.*, 132 Ga. App. 212 (207 SE2d 693) (1974); *United States Shoe Corp. v. Jones*, 149 Ga. App. 595 (255 SE2d 73) (1979). Appellant's exculpatory explanation of her admitted actions was not capable of independent verification. Her guilt or innocence depended entirely upon the credibility of her denial of any intent to steal the merchandise. Compare *Colonial Stores v. Fishel*, 160 Ga. App. 739 (288 SE2d

21) (1981). If there was probable cause to believe that appellant was shoplifting, appellee cannot be held civilly liable for requiring that a jury in a criminal proceeding determine the credibility of her explanation. See OCGA § 51-7-60. Under the circumstances, the trial court did not err in concluding that probable cause existed for believing that appellant was guilty of shoplifting. See *Fisher v. Kentucky Fried Chicken*, supra; *Nunnally v. Revco Discount Drug Centers*, 170 Ga. App. 320 (316 SE2d 608) (1984). Accordingly, appellant is not entitled to recover on her claim for false arrest. OCGA § 51-7-60.

With regard to appellant's claim for malicious prosecution, "[t]he overriding question . . . is not whether [she] was guilty, but whether [appellee] had reasonable cause to so believe — whether the circumstances were such as to create in the mind a reasonable belief that there was probable cause for the prosecution. [Cit.]" *Fisher v. Kentucky Fried Chicken*, supra at 545. We have held that, under the undisputed evidence, appellee's agent had reasonable grounds to believe appellant to be guilty of shoplifting at the time of her arrest. Appellant produced no evidence that, subsequent to her arrest, appellee acquired further information tending to show that its earlier assessment of the existence of probable cause was erroneous. Compare *Wilson v. Bonner*, 166 Ga. App. 9 (1) (303 SE2d 134) (1983). Accordingly, as to appellant's malicious prosecution claim, the grant of summary judgment in appellee's favor was correct.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED JUNE 4, 1987.

*William T. Haywood III*, for appellant.
*R. Chris Irwin*, for appellee.