76018. BROWN v. TRION, INC. et al.
(371 SE2d 135)

BENHAM, Judge.

Brown appeals from the grant of summary judgment in Trion,

Inc.'s favor in Brown's malicious prosecution action against Trion, contending that the trial court erred in taking the issue of probable cause away from the jury. Finding no such error, we affirm.

Brown's wife had attempted to purchase certain items from Trion's store, The Orange Crate, by utilizing the store's layaway plan. The merchandise she sought to purchase cost over $100. On September 2, 1984, Mrs. Brown made her first payment of $20, and in mid-October and early November she paid amounts totaling another $20. At the time of the November payment, she told the clerk she would like to come back after Christmas to complete her payments and pick up the merchandise, and the clerk told her there would be no problem. However, when Mrs. Brown called the store on December 26 to find out whether the store would be open after she left work so she could pick up her merchandise, the store manager, appellee Tracy Shannon, told her that she would have to check on her layaway. The manager later told Mrs. Brown that, in accordance with store policy, the merchandise had been returned to stock because it had not been picked up within 30 days, and that some, but not all, of the layaway items had been sold. Mrs. Brown offered to use the $40 she had deposited to buy those items that remained, but the manager would not allow her to do so. They discussed the situation further but Mrs. Brown and Ms. Shannon were unable to resolve the matter to Mrs. Brown's satisfaction. On Sunday, December 29, she returned to the store with appellant and their child to try to resolve the dispute. When the manager refused to refund the $40 Mrs. Brown had paid, to allow her to use that money to purchase the layaway items that remained, or to compensate the Browns in any way for the $40, Mr. Brown told his wife to pick out $40 in store merchandise. She selected two sweaters, for a total of $39.96, and gave them to her husband, who tore off the tags and gave them to a salesclerk. Appellant asked the clerk to remove the store inventory tags, and when she refused he pried them off with a screwdriver. When the clerk declined to accept his offer to pay the sales tax on the items, appellant and his wife and their child left the store with the sweaters. The next day, Ms. Shannon swore out a warrant for appellant's arrest for shoplifting, a charge for which he was subsequently tried and acquitted.

After his acquittal, Brown filed his lawsuit against Trion, Inc., and Ms. Shannon for malicious prosecution. Appellees moved for summary judgment, and in a detailed order, the trial court granted their motion, finding that Brown's evidence did not show that appellees had no reasonable basis for believing that Brown was guilty of shoplifting. We agree with that ruling. "With regard to appellant's claim for malicious prosecution, 'the overriding question is not whether [he] was guilty, but whether appellee had reasonable cause to so believe — whether the circumstances were such as to create in the

mind a reasonable belief that there was probable cause for the prosecution.' [Cit.] . . . [U]nder the undisputed evidence, appellee's agent had reasonable grounds to believe appellant to be guilty of shoplifting at the time of [his] arrest. Appellant produced no evidence that, subsequent to [his] arrest, appellee acquired further information tending to show that its earlier assessment of the existence of probable cause was erroneous. [Cit.] Accordingly, as to appellant's malicious prosecution claim, the grant of summary judgment in appellee[s'] favor was correct." *Arnold v. Eckerd Drugs of Ga.*, 183 Ga. App. 211, 213 (358 SE2d 632) (1987).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED JUNE 23, 1988.

*Naman L. J. Wood*, for appellant.
*J. Anderson Davis*, for appellees.