A89A1431. K MART CORPORATION v. ADAMSON.
(386 SE2d 680)

BANKE, Presiding Judge.

The appellee, Michele Adamson, brought this action against the appellant, K Mart Corporation, to recover damages for false arrest and/or false imprisonment resulting from her detention for suspected shoplifting in a K Mart department store. The case is before us on interlocutory appeal from the denial of K Mart's motion for summary judgment.

Ms. Adamson entered the store with her young daughter for the purpose of having the child's picture taken by a store photographer.

She brought with her a new dress for the child to wear, still on its original store hanger and still bearing the original store tags. While waiting for the customers ahead of her to be served by the photographer, the appellee took the child to the shoe department and clothed her in the new dress, removing the store tags from it and placing them in her pocketbook as she did so. She and her daughter then returned to the photographer, completed their mission and exited the store. As they did so, they were confronted by a K Mart security officer who had observed their actions in the shoe department. At his request, Ms. Adamson accompanied the officer to a back room, where he questioned her about the dress. There is some dispute about how long this detention lasted and whether Ms. Adamson and her daughter were subjected to any indignities during the course of it. However, it is undisputed that, after discussing the matter with other K Mart employees and determining that the dress could not have come from the store because K Mart did not sell that brand, the security officer ultimately apologized to Ms. Adamson and allowed her to leave.

Relying on this court's recent decision in *K Mart Corp. v. Griffin*, 189 Ga. App. 225 (375 SE2d 257) (1988), K Mart asserts that it had reasonable justification as a matter of law for suspecting Ms. Adamson of shoplifting and that it is consequently insulated from liability by OCGA § 51-7-60, which reads as follows: "Whenever the owner or operator of a mercantile establishment or any agent or employee of the owner or operator detains, arrests, or causes to be detained or arrested any person reasonably thought to be engaged in shoplifting and, as a result of the detention or arrest, the person so detained or arrested brings an action for false arrest or false imprisonment against the owner, operator, agent, or employee, no recovery shall be had by the plaintiff in such action where it is established by competent evidence: (1) That the plaintiff had so conducted himself or behaved in such manner as to cause a man of reasonable prudence to believe that the plaintiff, at or immediately prior to the time of the detention or arrest, was committing the offense of shoplifting, as defined by Code Section 16-8-14; *or* (2) That the manner of the detention or arrest and the length of time during which such plaintiff was detained was under all the circumstances reasonable." (Emphasis supplied.) Ms. Adamson, on the other hand, contends that, notwithstanding the fact that the foregoing Code section is phrased in the disjunctive rather than the conjunctive, K Mart could not prevail on motion for summary judgment unless it established as a matter of law the reasonableness of *both* the initial decision to detain her *and* the manner and length of her subsequent detention. We granted this interlocutory appeal in order to address this issue. *Held*:

As originally enacted, the statute in question read, in pertinent part, as follows: "[N]o recovery shall be had by the plaintiff in such

action where it is established by competent evidence that the plaintiff had so conducted himself, or behaved in such manner, as to cause a man of reasonable prudence to believe that such plaintiff was committing the offense of shoplifting, as defined by the Statute of this State, at or immediately prior to the time of such detention or arrest, *or provided* that the manner of such detention or arrest and the length of time during which such plaintiff was under all of the circumstances reasonable." Ga. L. 1958, p. 693. (Emphasis supplied.)

It is evident that, in the context in which they appeared in the original statute, the words "or provided" were inconsistent with each other. The Code Revision Commission obviously recognized this in drafting the Official Code of Georgia of 1982 and chose to eliminate the word "provided" rather than the word "or." However, that choice tends to give the statute a potentially irrational effect. One who has done nothing to give the impression that he or she is shoplifting should not be subject to any detention at all for that offense; and, conversely, one who has acted in such a way as to give the impression that he or she is shoplifting but who is in fact innocent of any such misconduct should not be subjected to continued detention beyond that which is reasonably necessary to ascertain the true facts, nor should such a person be subjected to gratuitous and unnecessary indignities during the course of such a detention.

We do not consider the choice of terminology made by the Code Revision Commission in this regard to be binding upon us, given the following statement of legislative intent which appears in OCGA § 1-1-2: "Except as otherwise specifically provided by particular provisions of this Code, the enactment of this Code by the General Assembly is not intended to alter the substantive law in existence on the effective date of this Code." Looking, therefore, to the language of the original enactment, and construing that language in such a manner as to square with common sense and to avoid unreasonable consequences, see *Wilkins v. Ga. Dept. of Human Resources,* 255 Ga. 230, 233 (337 SE2d 20) (1985), we conclude that it was the intention of the Legislature that the provisions now codified as OCGA § 51-7-60 (1) & (2) be read in the conjunctive, notwithstanding the use of the disjunctive in the present Code section. Inasmuch as the evidence of record in this case does not establish as a matter of law that the length and circumstances of the appellee's detention were reasonable, we accordingly hold that the trial court did not err in denying K Mart's motion for summary judgment.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

Decided September 5, 1989 —
Rehearing denied September 25, 1989 —

Smith, Gilliam & Williams, Steven P. Gilliam, Donald T. Hunt, for appellant.
Whitmer & Law, James H. Whitmer, G. Hammond Law III, J. Douglas Parks, for appellee.