A90A0872. COKER v. K-MART CORPORATION.
(399 SE2d 249)

McMURRAY, Presiding Judge.

Plaintiff Coker filed this action for malicious prosecution against defendant K-Mart Corporation. The case was tried before a jury which returned a verdict in favor of plaintiff in the amount of $202,000 general damages and $310,833 aggravated damages. Thereafter, based on its conclusion that the evidence demanded a finding that defendant had probable cause to conclude that plaintiff had committed the offense of shoplifting, the trial court granted defendant's motion for judgment notwithstanding the verdict. Plaintiff appeals, seeking a judgment consistent with the verdict. *Held*:

On December 15, 1984, plaintiff and her husband went to defendant's retail store to pick up layaway merchandise. There was a delay at the layaway department so plaintiff looked around the store while her husband waited in line. First, plaintiff looked in the nearby record and tape department, found a tape she was interested in buying and carried it back over to her husband. After they decided not to purchase the tape, she returned it to the record and tape department, then walked over to the ladies department where she talked to her aunt and uncle for about ten minutes before walking over to the menswear department. After looking around the menswear department plaintiff walked back to layaway to see if her husband had gotten the layaway merchandise. After finding that her husband was still waiting, plaintiff walked over to the cosmetics department.

While browsing in the cosmetics department plaintiff saw a lipstick which appeared from the packaging to be a color she would like. The package had a color card but did not permit plaintiff to see the color of the lipstick itself. After removing a lipstick package from a wire display rack, plaintiff noticed that another package had been torn apart. Plaintiff removed the torn package from the display and

put the first package back. Plaintiff then took the lipstick out of the torn package as she walked over to the cologne counter and laid the package down on the counter. After she rolled the lipstick up and looked at the color, plaintiff sprayed some cologne samples on herself and then walked, with the lipstick in her hand, towards the automotive department, past the toothpaste to some displays of Christmas decorations that she stopped to look at. From the Christmas decorations, plaintiff walked back through toys, by the jewelry counter, by the cash registers and service desk to the handbag department. Plaintiff was in the handbag department when she saw her husband out in the parking lot. At that time, plaintiff saw an open handbag on display nearby, threw the lipstick in the handbag, and proceeded to leave the store, leaving the handbag containing the lipstick behind.

As plaintiff walked out of the store, she was stopped at the door by defendant's security officer and voluntarily accompanied him back into the store. In the store, an assistant manager had the lipstick package and asked plaintiff if she knew where the lipstick was. Plaintiff, who had been joined by her husband, answered affirmatively and proceeded to point out the handbag where she had thrown the lipstick. Defendant's security officer recovered the lipstick from the handbag.

Plaintiff and her husband then accompanied defendant's security officer and assistant manager to an office where they were joined by a female employee of defendant. At the office, plaintiff's purse was searched and then her person was searched by the female employee. Neither of these searches disclosed any property belonging to defendant.

While in the office, plaintiff was subjected to repeated verbal abuse in the course of defendant's employee's attempt to persuade plaintiff to sign a statement confessing shoplifting. Plaintiff refused to sign and a police officer was summoned. The police officer issued plaintiff a "citation" charging her with shoplifting and took her into custody. As plaintiff was escorted by police from the store in handcuffs, defendant had all of its employees lined up on each side of the center aisle of the store so that they could watch her come down the aisle.

Upon the trial of the criminal shoplifting charge, plaintiff's motion for directed verdict of acquittal was granted. Plaintiff then filed this action against defendant.

" 'The essential elements of a claim for malicious prosecution are "(1) prosecution for a criminal offense; (2) under a valid warrant, accusation or summons; (3) that the prosecution terminated in favor of the plaintiff; (4) that it was instituted maliciously; (5) that it was instituted without probable cause; and (6) that it damaged the plaintiff. (Cits.)" (Cit.)' *Wilson v. Bonner*, 166 Ga. App. 9 (303 SE2d 134)

(1983)." *Munford, Inc. v. Anglin*, 174 Ga. App. 290 (1), 291 (329 SE2d 526). "Malice may be inferred from a *total* lack of probable cause, OCGA § 51-7-44, so the focus need be only on whether there was any evidence that K Mart lacked probable cause to instigate and carry on a criminal prosecution against [plaintiff] for shoplifting. That 'is the gravamen of this tort.' *Day Realty Assoc. v. McMillan*, 247 Ga. 561, 562 (277 SE2d 663) (1981)." *K Mart Corp. v. Griffin*, 189 Ga. App. 225, 226 (375 SE2d 257). See also in this regard, OCGA § 51-7-60.

" 'What facts and circumstances *amount to* probable cause is a pure question of law.' *South Ga. Grocery Co. v. Banks*, 52 Ga. App. 1, 7 (182 SE 61) (1935); *Hearn v. Batchelor*, 47 Ga. App. 213, 214 (170 SE 203) (1933). (Emphasis supplied.) Thus, although '(l)ack of probable cause shall be a question for the jury, under the direction of the court,' OCGA § 51-7-43, this is not without qualification. For if the material facts are essentially undisputed, whether or not probable cause existed is for determination by the court. *Melton v. La-Calamito*, 158 Ga. App. 820, 823 (282 SE2d 393) (1981); *Arnold v. Eckerd Drugs*, 183 Ga. App. 211, 212 (358 SE2d 632) (1987); *Fisher [v. Kentucky Fried Chicken*, 175 Ga. App. 542, 545 (333 SE2d 877)]." *K Mart Corp. v. Griffin*, 189 Ga. App. 225, 226, 227, supra. See also *Wilson v. Wheeler's, Inc.*, 190 Ga. App. 250, 252 (1) (378 SE2d 498). The case sub judice is one of those in which the material facts are undisputed. Defendant did not present any evidence at trial and relies upon the theory that plaintiff's evidence shows that defendant did not lack probable cause to conclude that plaintiff was shoplifting.

The test of probable cause stated in OCGA § 51-7-60 is whether plaintiff "had so conducted [herself] or behaved in such manner as to cause a man of reasonable prudence to believe that [she], at or immediately prior to the time of the detention or arrest, was committing the offense of shoplifting, as defined by Code Section 16-8-14." See *Wilson v. Wheeler's, Inc.*, 190 Ga. App. 250, 252 (1), supra, and *K Mart Corp. v. Griffin*, 189 Ga. App. 225, 226-228, supra.

The offense of theft by shoplifting (OCGA § 16-8-14 (a)) is committed when a person "alone or in concert with another person, with the intent of appropriating merchandise to his own use without paying for the same or to deprive the owner of possession thereof or of the value thereof, in whole or in part, does any of the following: (1) Conceals or takes possession of the goods or merchandise of any store or retail establishment; . . . (3) Transfers the goods or merchandise of any store or retail establishment from one container to another. . . ." The enumerated acts stated are two of five stated in OCGA § 16-8-14 (a), the stated acts being those upon which defendant relies for its conclusion that there was probable cause for the prosecution of plaintiff.

We must first point out that commission of any of the enumer-

ated acts in OCGA § 16-8-14 (a) in the absence of the requisite intent is not a crime. Otherwise, any person would become a shoplifter under OCGA § 16-8-14 (a) (1) merely by lifting an item of displayed merchandise from the shelf. Therefore, a merchant observing a shopper commit one of the acts enumerated in OCGA § 16-8-14 (a) must also examine the situation for some indication of the shopper's intent. Probable cause to believe the offense of theft by shoplifting has occurred can exist only when there are circumstances which would cause the hypothetical "reasonably prudent" man to believe that the shopper has the specified criminal intent.

In the case sub judice, it is uncontroverted that plaintiff committed two of the acts enumerated in OCGA § 16-8-14 (a). Plaintiff walked about the defendant's store with the lipstick in her hand. The lipstick was clearly in plaintiff's possession and may have been somewhat concealed in plaintiff's hand. Plaintiff committed the act described in OCGA § 16-8-14 (a) (1). It is also uncontroverted that plaintiff removed the lipstick from a display package and later placed it in a handbag which was on display. Thus, plaintiff also committed the act described in OCGA § 16-8-14 (a) (3).

It follows that the critical issue in the case sub judice is whether plaintiff appeared to have the requisite criminal intent. We hold that she did not.

In examining the circumstances presented in the case sub judice, we must consider the appearances known to defendant at the time the criminal proceedings are set in motion. *Wilson v. Wheeler's, Inc.*, 190 Ga. App. 250, 252 (1), supra. Plaintiff attempted to leave the store *without* the lipstick. Surely, this did not suggest criminal intent. Furthermore, is not the sudden discard of unwanted merchandise prior to departing a store common behavior of honest shoppers? While we hardly approve of the plaintiff's manner of discarding the lipstick, we cannot say that it more probably suggests a criminal intent rather than mere expediency. Plaintiff's removal of the lipstick from the display package for examination did not suggest any criminal intent. Nor was theft suggested by plaintiff continuing to hold the lipstick in her hand as she shopped, the lipstick was never placed in plaintiff's purse or pocket, and was discarded before she attempted to leave the store.

Plaintiff's evidence proves the elements of her claim for malicious prosecution, including lack of probable cause for her prosecution. Compare *K Mart Corp. v. Griffin*, 189 Ga. App. 225, 226-228 supra. The trial court erred in granting defendant's motion for judgment notwithstanding the verdict.

*Judgment reversed. Carley, C. J., and Sognier, J., concur.*

Decided November 8, 1990 —
Rehearing denied November 26, 1990 —

*D. William Garrett, Jr.*, for appellant.
*Chambers, Mabry, McClelland & Brooks, John C. Stivarius*, for appellee.