## A90A1367. SEARS COMPANY et al. v. WEDDINGTON.
(397 SE2d 471)

BANKE, Presiding Judge.

The appellee was indicted for one count of theft by receiving stolen property and four counts of forgery in the first degree based on a series of transactions which occurred at a Sears store in Savannah. That indictment was, however, nolle prossed; and he thereafter brought the present action against the Sears Company and the security manager of the Savannah store seeking damages for malicious prosecution. The case is before us on interlocutory appeal from the denial of a defense motion for summary judgment.

The security manager had observed the appellee and a female companion using personal checks belonging to the appellee's wife to make a series of purchases in the store. On each occasion, the companion would give the cashier a Sears charge card for identification purposes, along with a worn traffic ticket offered in lieu of a driver's license. After storing the items thus acquired in a station wagon parked outside the store, the couple re-entered the building and proceeded to the electronics department, where they sought to purchase

a VCR and a camcorder in the same manner. The security manager confronted them at this point, asked to see their identification, and was shown the Sears card and the traffic ticket. He then went to the telephone to call for a "Comp-U-Check approval." As he was dialing, he was informed by the cashier that the couple was running down the escalator, whereupon he pursued the appellee and apprehended him. The police arrived soon thereafter and took both him and his companion into custody.

In his affidavit submitted in support of the motion for summary judgment, the security manager stated that his actions were not motivated by any malice or ill will toward the appellee and averred that he had acted "in good faith and under an honest belief that the [appellee] had committed the crimes for which he was charged and subsequently indicted." The appellants also submitted in support of their motion for summary judgment an affidavit from the district attorney's chief assistant explaining that the reason the charges against the appellee had been nolle prossed was "because [he] had been convicted of other charges and was sentenced to life imprisonment."

In opposition to the motion for summary judgment, the appellee submitted his own affidavit averring that he had told the security manager at the time of his arrest that the checks belonged to his wife and that she had given him permission to use them. He further averred that he had urged the security manager to contact his wife to verify this but that the security manager had refused to do so. In an unsworn "statement of material facts" which he contended were in dispute, the appellee explained that the reason he had left the electronics department when the manager picked up the telephone was because he thought the manager was calling his (the appellee's) wife, whom he did not want to know he was shopping with another woman. He further explained that he believed the manager would discontinue the call if he departed the scene. *Held*:

The averments set forth in the security manager's affidavit are amply sufficient to establish that he had reasonable cause to believe the appellee had committed the criminal offenses for which he was ultimately indicted. Furthermore, "[t]he grand jury's return of the indictment against the plaintiff is prima facie but not conclusive evidence that probable cause existed for the prosecution." *Hill v. Trend Carpet*, 154 Ga. App. 446 (268 SE2d 682) (1980). Thus, the burden shifted to the appellee to come forward with specific facts tending to show that probable cause did not exist for his arrest and that the charges against him were instead motivated by malice. See generally *Booker v. Eddins*, 183 Ga. App. 449, 451-2 (359 SE2d 211) (1987). We do not believe the appellee's wholly unsubstantiated assertion that his wife had given him permission to use her checks was sufficient, under the circumstances, to meet that burden. Accordingly, we hold that the

trial court erred in denying the appellants' motion for summary judgment.

*Judgment reversed. Birdsong and Cooper, JJ., concur.*

DECIDED SEPTEMBER 12, 1990 —
REHEARING DENIED SEPTEMBER 24, 1990 —

*Bouhan, Williams & Levy, Walter C. Hartridge, Roy E. Paul, Susan B. Paul,* for appellants.

Gary N. Weddington, *pro se.*