## A91A1665. FIELDS v. KROGER COMPANY.
### (414 SE2d 703)

SOGNIER, Chief Judge.

Cynthia Fields brought suit against the Kroger Company seeking damages for false imprisonment. The trial court granted Kroger's motion for summary judgment and Fields appeals.

The record reveals that appellant, accompanied by her 13-year-old daughter, had just left appellee's store in Savannah with her purchases when she was approached on the sidewalk by the store's security guard, Gregory Mitchell. Appellant testified by deposition that Mitchell, an off-duty Savannah police officer who was still in uniform, told her it "[s]eems like you have a few more items than what you did when you came through the checkout line" and requested to search her handbag. The parties agree that upon hearing the request, appellant immediately became angry, unzipped the handbag and turned its contents out on the sidewalk, and Mitchell then turned and left, reentering the store.

In an affidavit proffered in support of the motion for summary judgment, Mitchell averred that while inside the store he had observed appellant repeatedly walking up and down the same aisle, with her handbag alternately zipped and unzipped. He made a "visual count" of the items in appellant's shopping cart and noticed that on each of appellant's successive trips up or down the aisle there were fewer items in her cart. Finding appellant's actions "unusual and suspicious," he followed her as she went through the checkout line and left the store. Mitchell deposed that after he informed appellant of his identity he asked appellant if he could inspect her handbag but also informed her that she was free to refuse; that appellant immediately became very irate and dumped the contents of her bag, cursed him, and threatened legal action; and that when he realized he could not calm her, he left without examining the contents of the bag. It is uncontroverted that Mitchell did not touch appellant, tell her she was under arrest, or accuse her directly of shoplifting. The entire incident lasted seconds.

The essential elements of the cause of action for false imprisonment are a detention of the person of another for any length of time, and the unlawfulness of that detention. OCGA § 51-7-20. A detention need not consist of physical restraint, but may arise out of " ' "words, acts, gestures, or the like, which induce a reasonable apprehension that force will be used if plaintiff does not submit; and it is sufficient if they operate upon the will of the person threatened, and result in a reasonable fear of personal difficulty or personal injuries." [Cit.]' [Cits.]" *Seligman & Latz of Atlanta v. Grant*, 116 Ga. App. 539, 540 (2) (158 SE2d 483) (1967). In addition, OCGA § 51-7-60 precludes a recovery for false imprisonment when it is shown that the owner or

operator of a store reasonably believed the person detained was engaged in shoplifting. OCGA § 51-7-60 thus implicitly recognizes the right of a shop owner to protect himself from shoplifting by detaining a customer who has acted in a suspicious manner. Where a detention occurs its reasonableness is a jury question. However, "there is no issue for the jury where there is no detention." *Lord v. K-Mart Corp.,* 177 Ga. App. 651, 653 (340 SE2d 225) (1986).

Appellant contends the trial court erred by granting summary judgment to appellee because appellant deposed that when Mitchell stopped her she believed she was not free to leave until Mitchell had inspected her handbag, thus creating a genuine issue of material fact whether that belief was reasonable. Appellant concedes, however, she was not touched or physically detained but was merely asked a question, and her response to that question provoked no further action on appellee's part. In *Abner v. W. T. Grant Co.,* 110 Ga. App. 592, 594-595 (2) (139 SE2d 408) (1964) and *Lord,* supra at 651-654 (1), the mere asking of similar questions without further action was held not to constitute false imprisonment as a matter of law. We do not agree with appellant that the facts sub judice are distinguished from those in *Lord* in any material respect. Moreover, although it is possible that a detention might have resulted if appellant had given a negative verbal answer to Mitchell's question and Mitchell had then *insisted* that appellant remain while her handbag was searched, appellant's precipitate reaction to Mitchell's question foreclosed that possibility. Accordingly, we find that no detention occurred under these circumstances.

Any fact question regarding the reasonableness of Mitchell's belief that appellant had engaged in shoplifting is therefore immaterial, *Lord,* supra at 653, and appellee's motion for summary judgment was properly granted. Id. at 654 (1).

*Judgment affirmed. Cooper and Andrews, JJ., concur. McMurray, P. J., disqualified.*

DECIDED JANUARY 13, 1992.

*Barrow, Sims, Morrow & Lee, R. Stephen Sims,* for appellant.
*Brannen, Searcy & Smith, Daniel C. Cohen, Wayne L. Durden,* for appellee.

