**Debbie JACKSON, Plaintiff,**

v.

**KMART CORP., Defendant.**

**Civ. A. No. 92–437–4–MAC (WDO).**

United States District Court,
M.D. Georgia,
Macon Division.

May 11, 1994.

---

F. Robert Raley, J. O'Quinn Lindsey, Macon, GA, for plaintiff.

Marc Thomas Treadwell, Richard A. Watts, Macon, GA, for defendant.

## ORDER

OWENS, Chief Judge.

Before the court is defendant's motion for summary judgment. After careful consideration of the arguments of counsel, the relevant case law, and the record as a whole, the court issues the following order.

## FACTS

On December 18, 1991, Rocky Malone, a loss prevention manager working at a Kmart store in Macon, Georgia, noticed two females with shopping carts full of merchandise enter a checkout lane. One of the females was Kathleen Bell. Malone, who was responsible for theft prevention at the store, suspected that the two females were involved in a theft scheme. To confirm his suspicions, Malone positioned himself a short distance away from the lane in which the two females were located so that he could observe what was taking place. The cashier at the checkout lane was plaintiff Debbie Jackson. Malone observed plaintiff scan several items from Bell's shopping cart into the computer and then void the items off the sale. Plaintiff then placed these items into a shopping cart. As Malone watched these transactions take place, he noticed Kathleen Bell staring at him. Therefore, to avoid arousing suspicion, Malone walked out of the store and into the parking lot. When Malone reached the parking lot, he doubled back to the front entrance of the store. He then positioned himself outside the store and began to observe the transactions through the windows located on the front of the building.

Subsequently, as Bell attempted to leave the store with the shopping carts, Malone stopped her and asked to see her receipt. Bell refused. Eventually, Malone recovered the receipt from one of the shopping carts.

The receipt indicated that Bell had purchased only one item, which had a value of $4.99. The carts, however, contained merchandise worth $834.86. Consequently, Bell was taken to a private security office in the rear of the store and the police were summoned.

Shortly thereafter, plaintiff was asked to close her register and report to an office at the rear of the store. When plaintiff arrived at the office, the store manager questioned her about the transactions. Plaintiff, however, denied any knowledge of the attempted theft. The manager then told plaintiff that he could make a pass at plaintiff and that there would be nothing plaintiff could do about it. In addition, the manager told plaintiff that he wished she was white, because, according to the manager, shoplifting always involved blacks.[1]

After being interviewed by the store manager for approximately thirty minutes, plaintiff was taken to the room where Kathleen Bell had been placed. By this time, Officer Jeffrey Lary of the Macon Police Department had arrived. Lary questioned both plaintiff and Bell about the incident. Plaintiff told Lary that although she knew Bell, she had no knowledge of the theft. Bell, however, told the officer that plaintiff was involved in the theft scheme. Subsequently, Lary was instructed by his supervisor to contact Magistrate Pam Rogers for directions. The magistrate advised Lary to make a warrantless arrest of both Bell and plaintiff.

On March 12, 1992, a grand jury indicted Kathleen Bell and plaintiff on charges of theft by deception.[2] At plaintiff's trial, plaintiff denied having any involvement in the theft scheme. In addition, plaintiff denied knowing Bell prior to December 18, 1991. Plaintiff was subsequently acquitted.

On October 27, 1992, plaintiff filed suit against Kmart Corporation for wrongful discharge, malicious prosecution, and false imprisonment. On November 17, 1992, defen-

---

1. The manager also refused to allow plaintiff to use the phone to call her husband and told plaintiff "that he was going to keep [her] there until [plaintiff told] him ... the truth."

2. Kathleen Bell subsequently plead guilty to the charges.

dant removed the action to this court. Defendant subsequently filed this motion for summary judgment. Defendant contends that it is entitled to judgment as a matter of law on all of plaintiff's claims.

## DISCUSSION

### I. Wrongful Discharge

■ "Where a plaintiff's employment is terminable at will, the employer 'with or without cause and regardless of its motives, may discharge the employee without liability.'" *Clark v. Prentice–Hall, Inc.*, 141 Ga. App. 419, 420, 233 S.E.2d 496, 497 (1977); *see also Brewer v. Metropolitan Atlanta Rapid Transit Authority*, 204 Ga.App. 241, 419 S.E.2d 60 (1992) ("[s]ince appellant was an at-will employee, he clearly has no claim for wrongful discharge"); *Hall v. Answering Service, Inc.*, 161 Ga.App. 874, 289 S.E.2d 533 (1982). Plaintiff does not contest defendant's assertion that plaintiff was an at-will employee. Accordingly, as the law of the State of Georgia does not recognize a cause of action for wrongful discharge by an at-will employee, defendant's motion for summary judgment on this issue is **GRANTED**.

### II. Malicious Prosecution Claim

■ Official Code of Georgia Annotated section 51–7–40 provides: "A criminal prosecution which is carried on maliciously and without any probable cause and which causes damage to the person prosecuted shall give him a cause of action." O.C.G.A. § 51–7–40. The elements of a malicious prosecution claim are: "(1) prosecution for a criminal offense; (2) the prosecution instigated under a valid warrant, accusation, or summons; (3) termination of the prosecution in favor of the plaintiff; (4) malice; (5) want of probable cause; and (6) damage to the plaintiff." *Medoc Corp. v. Keel*, 166 Ga.App. 615, 615–16, 305 S.E.2d 134, 136 (1983).

■ Defendant contends that it is entitled to summary judgment on plaintiff's claim of malicious prosecution because it did not prosecute plaintiff. Furthermore, defendant asserts that even if the court were to find it responsible for the prosecution of plaintiff, it would still be entitled to summary judgment in that probable cause existed for the prose-

cution, and because plaintiff has failed to put forward any evidence of malice on the part of defendant.

### A. Prosecution

"'If the defendant ... merely states what he believes, leaving the decision to prosecute entirely to the uncontrolled discretion of the officer, or if the officer makes an independent investigation, or prosecutes for an offense other than the one charged by the defendant, the latter is not regarded as having instigated the proceedings; *but if it is found that his persuasion was the determining factor in inducing the officer's decision,* or that he gave information which he knew to be false and so unduly influenced the authorities, he may be held liable.'"

*Melton v. LaCalamito*, 158 Ga.App. 820, 822, 282 S.E.2d 393, 396 (1981) (quoting Prosser, Law of Torts § 119 at 837) (emphasis added). The central question is whether the officials involved made an "independent decision to arrest or prosecute." *Baggett v. National Bank & Trust Co.*, 174 Ga.App. 346, 347, 330 S.E.2d 108, 109 (1985). Although a Kmart employee may have indicated to Officer Lary a desire to have plaintiff arrested, the record clearly indicates that this was not the "determining factor" in the decision to arrest. Prior to arresting plaintiff, Lary contacted Magistrate Pam Rogers. It was on the magistrate's recommendation that the officer arrested plaintiff; that is, the magistrate made an independent decision that an arrest should take place. Further, the record offers no support to a contention that an employee of Kmart offered the officer false information or exercised an undue influence over the decision to prosecute. Accordingly, because plaintiff has failed to put forward evidence sufficient to establish that defendant "instigated" the prosecution of plaintiff, defendant's motion for summary judgment on the issue of malicious prosecution is **GRANTED**.

### B. Probable cause and malice

■ Assuming *arguendo*, however, that the court had found that defendant instigated the prosecution of plaintiff, plaintiff's claim of malicious prosecution would still fail in that

plaintiff has failed to put forward evidence of want of probable cause and of the existence of malice.

> " '[T]he grand jury's return of [an] indictment against [a] plaintiff is prima facie but not conclusive evidence that probable cause existed for the prosecution.' Thus, the burden shift[s] to the [plaintiff] to come forward with specific facts tending to show that probable cause did not exist for [the] arrest and that the charges . . . were instead motivated by malice."

*Sear's Co. v. Weddington,* 197 Ga.App. 52, 53, 397 S.E.2d 471, 472 (1990). On March 12, 1992, a grand jury indicted plaintiff on charges of theft by deception. This indictment creates a presumption of probable cause that may be rebutted by plaintiff. Plaintiff may rebut this presumption by setting forth specific facts that indicate a lack of probable cause and the existence of malice on the part of defendant. *Weddington,* 197 Ga. App. at 53, 397 S.E.2d at 472. " 'Malice in an action for malicious prosecution . . . consists "in personal spite or in a general disregard of the right consideration consideration of mankind, directed by chance against the individual injured." ' " *Kemp v. Rouse–Atlanta, Inc.,* 207 Ga.App. 876, 881, 429 S.E.2d 264, 269 (1993).

Plaintiff contends that Rocky Malone could not have seen into the Kmart store from outside the store because of tinted windows located on the front of the building.[3] Therefore, according to plaintiff, there is a genuine issue of material fact as to whether probable cause existed to arrest plaintiff. Plaintiff's contention, however, is without merit. Malone testified that *while he was inside the building,* he observed Kathleen Bell approach plaintiff's register with two shopping carts. He then watched as plaintiff scanned and voided several items. Only after Bell observed Malone watching the transactions did Malone walk outside the building. Therefore, even assuming that Malone could not have seen into the building from his vantage point outside, the undisputed evidence would still show that Kathleen Bell

approached plaintiff's register with two shopping carts full of merchandise, that plaintiff scanned and then voided numerous items, that these voided items were then placed back in the two shopping carts, that Kathleen Bell attempted to leave Kmart with the two shopping carts, that the shopping carts contained over eight hundred dollars worth of merchandise, that Bell had actually paid for only one item, and that Bell, after she was apprehended, told Officer Lary that plaintiff was involved in the theft scheme. Accordingly, plaintiff has failed to set forth specific facts "tending to show that probable cause did not exist for [the] arrest and that the charges . . . were instead motivated by malice." *Id.*

### III. False Imprisonment Claim

■ "False imprisonment is the unlawful detention of the person of another, for any length of time, whereby such person is deprived of his personal liberty." O.C.G.A. § 51–7–20. However,

> Whenever the owner or operator of an mercantile establishment or any agent or employee of the owner detains, arrests, or causes to be detained or arrested any person reasonably thought to be engaged in shoplifting and, as a result of the detention or arrest, the person so detained or arrested brings an action for . . . false imprisonment against the owner . . ., no recovery shall be had by the plaintiff in such action where it is established by competent evidence:
>
> (1) That the plaintiff had so conducted himself or behaved in such manner as to cause a man of reasonable prudence to believe that the plaintiff, at or immediately prior to the time of the detention or arrest, was committing the offense of shoplifting . . .; *or*
>
> (2) That the manner of the detention or arrest and the length of time during which such plaintiff was detained was under all the circumstances reasonable.

O.C.G.A. § 51–7–60 (emphasis added). This code section would appear to preclude recovery if a defendant establishes either (1) that

---

3. Plaintiff, however, does not contend that Malone could not have seen the transactions while

he was in the building.

a reasonable person would have believed that the plaintiff was shoplifting, *or* (2) that the manner and length of the detention were reasonable.[4] However, in *K Mart Corp. v. Adamson*, 192 Ga.App. 884, 386 S.E.2d 680 (1989), the Georgia Court of Appeals held that "the provisions ... codified as OCGA § 51–7–60(1) & (2) [are to] be read in the conjunctive, notwithstanding the use of the disjunctive...." *Adamson*, 192 Ga.App. at 886, 386 S.E.2d at 682. Accordingly, a defendant is required to establish (1) that a reasonable person would have believed that the plaintiff was shoplifting, *and* (2) that the manner and length of the detention were reasonable.

■ The facts known to Kmart on December 18, 1991 were the very same facts subsequently presented to the grand jury that returned plaintiff's indictment for theft by deception. It would be anomalous to hold that probable cause existed to arrest and prosecute plaintiff, but that a jury question existed as to whether plaintiff acted in a manner that would cause a reasonable person to believe that she was shoplifting. Therefore, the court holds that the indictment of plaintiff by the grand jury on charges of theft by deception, in that the indictment was based on the very same facts giving rise to plaintiff's detention, creates a presumption that plaintiff acted in manner such that a reasonable person would have believed that she was shoplifting. *Cf. Weddington*, 197 Ga.App. at 53, 397 S.E.2d at 472. Although the presumption may be rebutted by plaintiff, as discussed above, plaintiff has failed to do so. Accordingly, defendant has satisfied the first requirement of O.C.G.A. § 51–7–60.

The second requirement of O.C.G.A. § 51–7–60 is "[t]hat the manner of the detention or arrest and the length of time during which ... plaintiff was detained was under all the circumstances reasonable." O.C.G.A. § 51–7–60(2). The requirements of this paragraph are two-fold. First, the manner of the detention must be reasonable. That is, "a person [should not] be subjected to gratuitous and unnecessary indignities during the course of ... a detention." *Adamson*, 192 Ga.App. at 886, 386 S.E.2d at 682. And second, the length of the detention must be reasonable.

As a general rule, "[t]he determination of whether ... the manner and length of the detention were reasonable [are] matters for the jury, not the court, to determine." *United States Shoe Corp. v. Jones*, 149 Ga.App. 595, 597, 255 S.E.2d 73, 76 (1979). Plaintiff has put forth sufficient evidence to challenge the reasonableness of the manner in which she was detained. A jury could reasonably find that the actions of the store manager subjected plaintiff to "gratuitous and unnecessary indignities." Further, inasmuch as the reasonableness of the length of plaintiff's detention may be impacted by the manner in which she was detained, the court also finds that a genuine issue of fact exists as to the reasonableness of the length of plaintiff's detention. Accordingly, defendant's motion for summary judgment on plaintiff's claim of false imprisonment is **DENIED**.[5]

4. The "shopkeeper's" privilege, however, is applicable only if defendant detained plaintiff against her will. If defendant did not detain plaintiff against her will, no cause of action for false imprisonment exists. Plaintiff, therefore, bears the initial burden of establishing that she was detained by defendant against her will.

A detention need not consist of physical restraint, but may arise out of " ' "words, acts, gestures, or the like, which induce a reasonable apprehension that force will be used if plaintiff does not submit; and it is sufficient if they operate upon the will of the person threatened, and result in a reasonable fear of personal difficulty or personal injuries." ' " *Fields v. Kroger Co.*, 202 Ga.App. 475, 475, 414 S.E.2d 703, 704–05 (1992); *see also Bryant v. Wal–Mart Stores, Inc.*, 203 Ga.App. 770, 770, 417 S.E.2d 688, 690 (1992) (" 'The restraint used to create the detention must be against the plaintiff's will and accomplished by either force or fear.' "). "[T]here is no issue for the jury where there is no detention." *Lord v. K–Mart Corp.*, 177 Ga.App. 651, 653, 340 S.E.2d 225, 227 (1986). Plaintiff, however, has put forth evidence sufficient to create a genuine issue of material fact as to whether she was detained by defendant against her will. A jury could find that defendant, through the actions of its employees, caused plaintiff to reasonably believe that she could not leave defendant's premises. As discussed above, a person may be detained through words alone, if the words are sufficient to cause the person to have "a reasonable fear of personal difficulty...." *Fields*, 202 Ga.App. at 475, 414 S.E.2d at 705.

5. Defendant also contends that it is entitled to summary judgment on plaintiff's claim for "intentional infliction of emotional distress." Plain-

## CONCLUSION

Defendant's motion for summary judgment on plaintiff's claims of wrongful discharge and malicious prosecution is **GRANTED.** However, defendant's motion for summary judgment on plaintiff's claim of false imprisonment is **DENIED.**

**SO ORDERED.**

tiff's complaint, however, does not set forth an independent claim for intentional infliction of emotional distress, although it does set forth mental distress as a measure of damages. In *Heath v. Peachtree Parkwood Hospital, Inc.,* 200 Ga.App. 118, 407 S.E.2d 406 (1991), the Georgia Court of Appeals held a plaintiff could "seek to recover *damages* based upon the emotional distress she may have suffered as the result of ... tortious conduct." *Heath,* 200 Ga.App. at 120, 407 S.E.2d at 408 (emphasis added); *see also*

---

*Stewart v. Williams*, 243 Ga. 580, 255 S.E.2d 699 (1979).