A94A1489. AGBONGHAE v. CIRCUIT CITY STORES, INC. et al.
(448 SE2d 484)

BLACKBURN, Judge.

John O. Agbonghae brought the underlying action against Circuit City Stores, Inc. and Kenneth B. Carr to recover damages resulting from their alleged malicious prosecution for burglary and theft by taking. After the presentation of Agbonghae's case at trial, the trial court granted defendants' motion for directed verdict. Agbonghae appeals asserting several enumerations of error.

1. In his first enumeration of error, Agbonghae contends the trial court erred in granting defendants' motion for directed verdict. "In Georgia, the standard used to review the grant or denial of a directed verdict is the any evidence test. Where there is no conflict in the evidence as to any material issue, and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed. In reviewing grant of a directed verdict, we must decide whether all the evidence demanded it, or whether there was some evidence supporting the verdict of the jury." (Citations and punctuation omitted.) *Hixson-Hopkins Autoplex v. Custom Coaches,* 208 Ga. App. 820 (1) (432 SE2d 224) (1993).

The undisputed evidence shows that Agbonghae was an inventory control supervisor for Circuit City at their southeast distribution center for small electronic items. On January 17, 1987, a Saturday, Agbonghae arrived to work around 5:30 a.m. Agbonghae was working on Saturday in order to take Martin Luther King Day off, and because Circuit City's January inventory required extra work.

Agbonghae testified that he opened up the guard shack and deactivated the alarm therein at 5:34 a.m. and that he deactivated the interior alarm at 5:36 a.m. After Agbonghae was in his office for a few minutes, he heard a noise and proceeded to investigate. Agbonghae testified that he accidentally set off an interior alarm while attempting to investigate the noise. The report from the alarm company indi-

cated that Agbonghae's code was used to turn off an interior alarm at 6:05 a.m. Agbonghae testified that he then heard screeching car tires. He ran outside to investigate and noticed that the white car he had seen parked in the lot upon his arrival, was missing, but that a person was leaning into the opened trunk of a different car in the parking lot. As Agbonghae got closer, he recognized that it was Carr bending over the opened trunk of his car. Agbonghae noticed merchandise left on the sidewalk and in the guard shack.

Carr testified that as he pulled into the parking lot, the white car sped away, and some merchandise fell out of its trunk. Agbonghae testified that Carr insisted that they move the merchandise into the guard shack and that they not call the police. Agbonghae further testified that he called the police after Carr refused to do so. However, the police dispatch record indicated that Carr called the police at 6:41 a.m. A City of Atlanta police officer arrived and investigated the situation. He interviewed Agbonghae, Carr, Lloyd, and Waters prior to arresting Agbonghae for theft by taking.

The case was called for a hearing in Atlanta City Court; however, because the police officer was not present, the case was dismissed. Carr was present at the hearing and the transcript reflects that he told the court that Circuit City did not want to prosecute "at the moment" and that Agbonghae was the one that called the police. Carr denies making either of those statements.

Thereafter, Trent Barnes, Circuit City's division security manager, wrote to Charles Hadaway, an assistant district attorney, that the case against Agbonghae was "very important to Circuit City and we would like to make sure [it was] heard." Barnes testified that it was Circuit City's policy that once the police had determined there was probable cause to arrest someone, the company wanted the case presented to a grand jury. Hadaway testified that he would never have known of the case if Barnes had not brought it to his attention.

As a result of Barnes' letter, Hadaway began an investigation and requested alarm records and other information from Barnes. Thereafter, Hadaway presented evidence to a grand jury. A true bill was returned March 27, 1987, charging Agbonghae with burglary and theft by taking. The criminal case against Agbonghae was eventually dismissed, prior to trial.

"The essential elements of a claim for malicious prosecution are '(1) prosecution for a criminal offense; (2) under a valid warrant, accusation or summons; (3) that the prosecution terminated in favor of the plaintiff; (4) that it was instituted maliciously; (5) that it was instituted without probable cause; and (6) that it damaged the plaintiff. (Cits.)' [Cit.]" *Wilson v. Bonner*, 166 Ga. App. 9, 10 (303 SE2d 134)

(1983).

In the present case, "the grand jury's return of the indictment against the plaintiff is prima facie but not conclusive evidence that probable cause existed for the prosecution. Thus, the burden shifted to [plaintiff] to come forward with specific facts tending to show that probable cause did not exist for his arrest and that the charges against him were instead motivated by malice." (Citation and punctuation omitted.) *Sears Co. v. Weddington*, 197 Ga. App. 52, 53 (397 SE2d 471) (1990). In this task, Agbonghae failed.

The evidence presented by Agbonghae supported his theory that other employees of Circuit City might have committed the theft in question. However, such evidence does not negate the evidence tending to implicate Agbonghae of the theft and establishing probable cause for his arrest by the Atlanta police officer. "What facts and circumstances amount to probable cause is purely a question of law, and even assuming a jury question was presented on the issue of probable cause, [Agbonghae was] also required to produce evidence of malice." *Kemp v. Rouse-Atlanta, Inc.*, 207 Ga. App. 876, 880 (429 SE2d 264) (1993).

Agbonghae also failed to sufficiently establish the malice element. Agbonghae testified that he thought Carr did not like him because Carr passed over Agbonghae when hiring a fork-lift operator, and because Agbonghae did not play golf and drink beer with the other supervisors. Agbonghae's testimony was speculative, at best.

Agbonghae argued that Carr's testimony which conflicted with his, proved that Carr was lying and that Carr's motive was malicious. However, " 'mere conflicts in the (evidence) do not render the direction of a judgment erroneous when it appears that the conflicts are not material. (Cits.)' [Cit.]" *First Union Nat. Bank v. Gurley*, 208 Ga. App. 647, 650-651 (431 SE2d 379) (1993). In the present case, the conflicts were not material to the elements of a malicious prosecution case. Carr's conflicting testimony as to who called the police is a collateral issue, especially considering the uncontroverted police records which identify Carr as the person who reported the incident. However, assuming Agbonghae called the police, this act, in and of itself would not be sufficient to eliminate the officer's probable cause to arrest or the grand jury's probable cause to indict Agbonghae on the offense charged.

The trial court did not err in granting defendants' motion for directed verdict.

2. We have reviewed Agbonghae's additional enumerations of error and found them to be without merit.

*Judgment affirmed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 17, 1994 —
RECONSIDERATION DENIED SEPTEMBER 2, 1994 —

*Llewellyn & Swanson, David J. Llewellyn,* for appellant.
*Arrington & Hollowell, W. Ray Persons, McLaughlin, MacDougald & Hendon, Daniel MacDougald III,* for appellees.