A96A1274. WATSON v. MAYOR & ALDERMEN OF THE CITY OF SAVANNAH et al.
(477 SE2d 667)

ANDREWS, Judge.

Brian Watson appeals from the trial court's order granting summary judgment to the Mayor & Aldermen of Savannah ("City") on Watson's claim for injuries received in a dispute with an off-duty policeman. We affirm the judgment of the trial court.

This case arose out of an altercation between Watson and Nicholas Kenny, a corporal with the Savannah Police Department. Watson and some friends were in Malone's, a Savannah nightclub, late one Friday night when Kenny came into the club. At the time, Kenny was moonlighting as a security officer in a neighboring nightclub when he noticed all the lights inside Malone's had come on earlier than usual prior to closing time. Kenny thought there might be something wrong and came into the club to see if his fellow officers, also moonlighting as security workers, needed help. After Kenny arrived at Malone's and went inside, Watson called "hello Bucky" to Kenny and waved at him. The term "Bucky" apparently was offensive to Kenny, who then told Watson he was messing with the wrong person, or words to that effect. According to Watson, he said "okay

Bucky" and turned away, at which point Kenny grabbed him around the throat and swept his feet out from under him.

Watson initially filed a complaint against Kenny for assault and battery and later amended his complaint to add a 42 USC § 1983 claim against Kenny and the City. The City moved for summary judgment contending that 1) Kenny was not acting under color of law when he "swept" Watson to the ground and 2) there was insufficient evidence that Kenny was acting in conformity with any City policy at the time of the altercation.

The trial court granted the City's motion, finding Kenny was acting under color of state law; however, there was not sufficient evidence that the injury was caused by any City policy or custom. Accordingly, the § 1983 claims against the City and against Kenny in his official capacity were dismissed. The § 1983 claim against Kenny individually and the state law claims are still pending.

1. "To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. [Cit.] A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a [genuine] jury issue on at least one essential element of plaintiff's case. . . . A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case." (Emphasis omitted.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

After the incident in the bar, Watson filed an Internal Affairs complaint against Kenny. Captain Tolbert of Internal Affairs was assigned to investigate Watson's complaint, and she interviewed Watson and Kenny and witnesses to the incident. Kenny was charged with conduct unbecoming an officer and failure to file a use of force report. After Tolbert completed her investigation, a board, consisting of four majors from the Savannah Police Department and the chief of police, held a hearing on the complaint. The board vote was 4-0, but there is no indication as to the verdict. Under "Chief's Action," the record shows the chief ordered the case closed as exonerated on the unbecoming conduct charge and sustained on the charge of failure to file a "use of force" form.

Watson also argues there was another incident involving Officer Kenny which was not handled in accordance with required procedures. In that case, Derek Binnicker, a soldier at Fort Stewart, filed a

complaint in which he claimed that a police officer held him down on the ground in an alley behind Congress Street Station one night, while another police officer struck him on the ankles several times with a nightstick. The complaint was reviewed by Ralph Bashlor, a commander in the Internal Affairs Division. The investigation synopsis stated there was no evidence to support the allegation; that Binnicker promised to return with copies of his medical exam but had not done so and repeated attempts to contact him were unavailing. The Internal Affairs finding was "Not Sustained," and the chief of police ordered the case closed as not sustained.

In Binnicker's affidavit, submitted by Watson in opposition to the City's motion for summary judgment, Binnicker said that he picked Officer Kenny's picture out of a card file as the officer who hit him on the knees and ankles with the billy club. Binnicker stated that he was told by the captain that since there were no other witnesses to the event, Binnicker did not have a case and the best thing for him to do was not pursue it. Binnicker said he followed the advice and did not pursue the claim.

42 USC § 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . ." 42 USC § 1983 (1988). In *Monell v. Dept. of Social Svcs. &c.*, 436 U. S. 658, 690 (98 SC 2018, 56 LE2d 611) (1978), the Supreme Court held that local governing bodies could be sued directly under § 1983 "where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Id. But, "a municipality cannot be held liable solely because it employs a tortfeasor." (Emphasis omitted.) Id. at 691. In other words, there is no respondeat superior liability under § 1983; rather, a plaintiff must point to some official policy or custom which resulted in the injury. Id. at 694.

Here, Watson contends the police department failed to properly train Kenny as to police procedures and policies concerning the use of force and also that the police department failed to follow the required procedures with regard to his and Binnicker's complaints against Kenny. But, "for liability to attach in this circumstance the identified deficiency in a city's training program must be closely related to the ultimate injury." *City of Canton, Ohio v. Harris*, 489 U. S. 378, 391 (109 SC 1197, 103 LE2d 412) (1989). "In virtually every instance where a person has had his or her constitutional rights violated by a

city employee, a § 1983 plaintiff will be able to point to something the city 'could have done' to prevent the unfortunate incident." Id. at 392. Section 1983 claims will result in liability against the city only when that city's failure to train reflects deliberate indifference to the rights of the inhabitants. Id. Accordingly, Watson must prove that the City deprived him of a constitutional right "pursuant to an impermissible or corrupt policy which is intentional and deliberate." (Citation and punctuation omitted.) *Brayman v. DeLoach*, 211 Ga. App. 489, 492 (439 SE2d 709) (1993). Further, inasmuch as Watson is claiming the City failed to train its officers properly in the use of force, "[i]nadequate training of police officers (can) be characterized as the cause of the constitutional tort if — and only if — the failure to train amounted to 'deliberate indifference' to the rights of persons with whom the police come into contact." (Punctuation omitted.) *Bell v. City of Albany*, 210 Ga. App. 371, 373 (436 SE2d 87) (1993), quoting *Collins v. City of Harker Heights, Texas*, 503 U. S. 115, 123-124 (112 SC 1061, 117 LE2d 261, 272) (1992).

Pretermitting the issue of whether or not the trial court correctly found that Kenny was acting under color of law, there is simply no evidence in the record sufficient to show that Kenny's off-duty altercation with Watson in a bar was the result of an impermissible or corrupt policy which was intentional and deliberate. Even if it could be argued that the City's officers failed to properly investigate the charges against Officer Kenny, this does not sustain a claim under § 1983. "[E]ven negligence in the performance of official duties . . . does not warrant redress under 42 USC § 1983." (Citation and punctuation omitted.) *Brayman*, supra at 493. Accordingly, the trial court correctly granted summary judgment to the City on Watson's 42 USC § 1983 claim.

2. Watson also enumerates as error the trial court's denial of his motion in limine. In light of the holding above, we need not address this enumeration.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED OCTOBER 30, 1996 — 

*Forbes & Bowman, Morton G. Forbes, Johnny A. Foster*, for appellant.

*Karsman, Brooks & Callaway, R. Krane Riddle, Lee, Black, Scheer & Hart, Steven E. Scheer, Wiseman, Blackburn & Futrell, James B. Blackburn, Abda L. Quillian, Oliver, Maner & Gray, Patrick T. O'Connor*, for appellees.