A97A1333. THOMPSON v. CHAPEL et al.

(494 SE2d 216)

Judge Harold R. Banke.

Michael Thompson, as the surviving heir of his mother, Imogene Thompson, sued Michael Chapel and Chapel's former employer, Gwinnett County. Thompson appeals the trial court's order granting summary judgment to Gwinnett County, enumerating three errors.

To prevail on summary judgment, defendants who will not bear the burden of proof at trial may point out by reference to the record that there is no evidence, viewed in the light most favorable to the non-movant, sufficient to create a genuine jury issue on at least one essential element of plaintiff's case. *Coffey v. Wal-Mart Stores*, 224 Ga. App. 824, 827 (2) (482 SE2d 720) (1997). Viewed in that light, the evidence shows that this case arose after Chapel, at the time a Gwinnett County police officer, responded to Imogene Thompson's report that her home had been burglarized. After learning that over $7,000 had been stolen, Chapel arranged a meeting with Mrs. Thompson. He asked her to bring the $7,000 in her possession which was not stolen so he could compare the serial numbers to the currency he had recovered. After meeting Mrs. Thompson, Chapel shot her twice in the head and took her money. He was subsequently convicted of her murder.

Michael Thompson then commenced this action under 42 USC § 1983 and state law, alleging that Gwinnett County failed to adequately supervise, monitor, and control Chapel's actions. The trial court granted the County's motion for summary judgment, finding that Thompson failed to present any evidence that a County custom or policy was the moving force behind the purported constitutional

violation and sovereign immunity barred the state law claims. *Held*:

1. The trial court properly rejected Thompson's § 1983 claims. Federal law provides a cause of action which supersedes state sovereign immunity law to those deprived of their constitutional rights by persons acting under color of state law. 42 USC § 1983; see *Davis v. City of Roswell*, 250 Ga. 8, 9 (1) (295 SE2d 317) (1982). Local governing bodies who employ such persons who deprive others of their constitutional rights also face liability where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dept. of Social Svcs.*, 436 U. S. 658, 690 (98 SC 2018, 56 LE2d 611) (1978). However, § 1983 does not impose respondeat superior liability on such employers. *Watson v. Mayor &c. of Savannah*, 223 Ga. App. 399, 401 (1) (477 SE2d 667) (1996). Nor does § 1983 reach negligent or unintentional customs or policies. Id. at 402; *City of Cave Spring v. Mason*, 252 Ga. 3, 4 (310 SE2d 892) (1984). To be actionable, a county employer's custom or policy must exhibit a "deliberate indifference" to the rights of inhabitants. *City of Canton v. Harris*, 489 U. S. 378, 389 (109 SC 1197, 103 LE2d 412) (1989) (failure to adequately train). Moreover, the custom or policy must "cause" the constitutional violation. Id. at 389, n. 9.

Here, Thompson alleged four instances where the County's purported custom of ignoring its standards for hiring and officer conduct enabled Chapel to remain on the job and ultimately to kill Mrs. Thompson in 1993. These instances include (1) a 1984 pre-employment psychological test in which Chapel scored 9.1 out of 14 for "anti-social tendencies"; (2) a 1991 garnishment of Chapel's wages for failure to pay child support; (3) an unproved allegation in 1992 that Chapel conspired to rob a restaurant; and (4) unproved allegations in 1994 (after the murder) that Chapel failed to place weapons he seized into evidence.

We fail to see how these disparate incidents "caused" the alleged constitutional deprivation, much less constituted a "policy." *Depew v. City of St. Marys*, 787 F2d 1496, 1499 (11th Cir. 1986) (random acts or isolated incidents are generally insufficient to establish a custom or policy). Thompson's contention that in retrospect Chapel's psychological evaluation should have raised a red flag is not sufficiently colorable to warrant jury consideration, particularly in light of the citations and commendations Chapel received for his job performance. OCGA § 18-4-7 prohibits the discharge of employees whose wages are garnished. The charge of conspiracy was unsupported by evidence, and the weapons allegation arose after the murder. None of these events provide a causal nexus sufficient to preclude summary judgment or show the requisite deliberate indifference to citizens' rights.

*City of Oklahoma City v. Tuttle*, 471 U. S. 808, 823 (105 SC 2427, 85 LE2d 791) (1985) ("At the very least there must be an affirmative link between the policy and the particular constitutional violation alleged.").

2. Thompson reframed his second enumeration to argue in effect that his due process claims under the state constitution were improperly resolved against him. However, he presented no authority supporting the theory that this matter warrants a substantively different analysis under the state constitution than under federal law. Court of Appeals Rule 27 (a) (3). Under either authority, Thompson's failure to present some evidence that the County's actions proximately caused the constitutional deprivation warranted summary judgment. Compare *Duffield v. DeKalb County*, 242 Ga. 432, 434-435 (2) (249 SE2d 235) (1978). Further, the unrelated events alleged do not rise to the level of customs or policies.

3. Thompson's third enumeration argues that issues of fact remain to be tried as to the application of the theories of respondeat superior and negligent supervision. As noted, the theory of respondeat superior does not apply to Thompson's constitutional claims. *Watson*, 223 Ga. App. at 401 (1). Because the undisputed evidence clearly showed that Chapel abandoned the County's interests when he killed Mrs. Thompson for money, that theory likewise does not apply to the state law claims. *Lucas v. Hosp. Auth. of Dougherty County*, 193 Ga. App. 595, 596 (1) (388 SE2d 871) (1989). Nor did Thompson establish that the theory of sovereign immunity, which extends to counties as subdivisions of the State, did not bar his negligent supervision claim or any other state law tort claims. *Koehler v. City of Atlanta*, 221 Ga. App. 534, 535 (472 SE2d 91) (1996) (party seeking to benefit from the waiver of sovereign immunity bears burden of proof); OCGA § 36-1-4; *Kordares v. Gwinnett County*, 220 Ga. App. 848, 849 (470 SE2d 479) (1996); see *Canfield v. Cook County*, 213 Ga. App. 625, 626 (445 SE2d 375) (1994). Accordingly, the trial court properly granted summary judgment.

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 29, 1997 —
RECONSIDERATION DENIED NOVEMBER 25, 1997 —

*Hinton & Powell, Andrew J. Hinton, Jr.*, for appellant.
*Carothers & Mitchell, Richard A. Carothers, Thomas M. Mitchell, Moore & Davidson, Johnny R. Moore*, for appellees.