## A97A2452. LOWE v. JONES COUNTY et al.
### (499 SE2d 348)

ANDREWS, Chief Judge.

Lillie Lowe, individually and as administratrix of the estate of her son, Leon Lowe, appeals from the grant of summary judgment to Jones County and Sheriff Reece in her wrongful death and 42 USC § 1983 action.

1. In reviewing the grant or denial of summary judgment, this Court conducts a de novo review of the evidence. *Goring v. Martinez*, 224 Ga. App. 137, 138 (2) (479 SE2d 432) (1996); *Gaskins v. Hand*, 219 Ga. App. 823 (466 SE2d 688) (1996). Viewed under the standard of *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991), the evidence was that around midnight on March 4, 1992, Jones County Sheriff's Deputy Darley was parked by the Gray Highway when a motorist pulled up and told him he had just passed a Thunderbird which he believed was being driven by a drunk driver because it was weaving and going under the speed limit. Gray Highway is a four lane highway with a dividing median. Darley saw the car coming toward him, pulled out behind it, and observed it "weave all over the road" while going about 30 mph, well under the speed limit. Darley activated his blue lights and pulled the car over, although Lowe, the driver, did not respond immediately.

Darley parked behind the Thunderbird with his blue lights on, investigated, and determined that Lowe had no driver's license and had been drinking. Darley asked Lowe to get out of the car and administered an alcosensor test which was positive. He advised Lowe he was under arrest and had him place his hands on top of the Thunderbird so he could do a pat down search. Lowe complied until Darley was patting down his ankles. Lowe then came off the car in an aggressive manner, slapped Darley in the face, said he was not going to jail, and ran across the highway.

Darley pursued Lowe on foot. Macon Officer Draper, who had witnessed the stop and the following altercation, blocked Lowe's route into surrounding woods with his car and joined in the foot pursuit. As the two officers had Lowe on the pavement in a traffic lane and were attempting to handcuff him, a car struck all three, killing Lowe and injuring Darley and Draper.

2. Lowe's complaint against Jones County is premised on vicarious liability for Darley's allegedly negligent actions in pursuing Lowe into traffic lanes. As found by the trial court, however, *Brown v. Jackson*, 221 Ga. App. 200, 201 (2) (470 SE2d 786) (1996) precludes such a claim because deputy sheriffs are employees of the sheriff, not the county, and the county cannot be held vicariously liable as their principal.

3. Lowe also alleged a state law claim against Jones County and Sheriff Reece in his official capacity for failure to properly train Darley in foot pursuit procedures, OCGA § 33-36-4, regarding which the trial court found Jones County and the sheriff entitled to official immunity.

"The operation of a police department, including the degree of training and supervision to be provided its officers, is a discretionary governmental function of the municipality as opposed to a ministerial, proprietary, or administratively routine function. [Cits.]" *McDay v. City of Atlanta*, 204 Ga. App. 621 (1) (420 SE2d 75) (1992). Liability may be imposed as a result of the exercise of such a discretionary function only when the acts complained of are done within the scope of the officer's authority and with wilfulness, malice or corruption. Id. There has been no showing of any conduct by Sheriff Reece or Jones County which would amount to wilfulness, malice or corruption.[1] Both were entitled to official immunity as a matter of law. *Woodard v. Laurens County*, 265 Ga. 404, 405 (1) (456 SE2d 581) (1995); *Gilbert v. Richardson*, 264 Ga. 744, 752 (6) (452 SE2d 476) (1994); see *Dyches v. McCorkle*, 212 Ga. App. 209, 216 (2) (441 SE2d 518) (1994).

4. Finally, with regard to the 42 USC § 1983 claim, we find the trial court properly granted summary judgment to the county and Sheriff Reece.

While local governments may be liable for employing individuals who deprive citizens of their constitutional rights by acting under color of state law and, while inadequacy of police training may serve as a basis for § 1983 liability, such inadequacy must amount to "deliberate indifference to the . . . rights of persons with whom the police come into contact." *City of Canton, Ohio v. Harris*, 489 U. S. 378, 379 (109 SC 1197, 103 LE2d 412) (1989). See *Monell v. Dept. of Social Svcs. &c.*, 436 U. S. 658 (98 SC 2018, 56 LE2d 611) (1978).

" '[F]or liability to attach in this circumstance the identified deficiency in a [county's] training program must be closely related to the ultimate injury. *City of Canton, Ohio*, 489 U. S. [at 391]. 'In virtually every instance where a person has had his or her constitutional

---

[1] A showing of negligence, even gross negligence, will not suffice. *Bontwell v. Dept. of Corrections*, 226 Ga. App. 524, 528 (4) (a) (486 SE2d 917) (1997).

rights violated by a [county] employee, a § 1983 plaintiff will be able to point to something the [county] "could have done" to prevent the unfortunate incident.' Id. at 392. Section 1983 claims will result only in liability against the [county] only when that [county's] failure to train reflects deliberate indifference to the rights of the inhabitants. Id." *Watson v. Mayor &c. of Savannah*, 223 Ga. App. 399, 401-402 (1) (477 SE2d 667) (1996). See also *Bell v. City of Albany*, 210 Ga. App. 371, 373 (436 SE2d 87) (1993).

As thoroughly discussed by the trial court in her order, the facts here do not rise to this level. While Jones County does not have written policies specifically concerning foot pursuit, other regulations in the Sheriff's Department Policies & Procedures Manual caution officers to "protect life and property" and that, "[w]hile the use of reasonable physical force may be necessary in situations which cannot be otherwise controlled, force may not be resorted to until all other reasonable alternatives have been exhausted or clearly [would] be ineffective under the particular circumstances. Officers are permitted to use whatever force is reasonable and necessary to protect others or themselves from bodily harm."

Jones County officers receive the state mandated training through the Regional Police Academy, as well as additional training provided by the sheriff and supervising officers during their recruit training, in service training, and advanced training. Twenty hours of training a year are required to keep their state certification. Even assuming some inadequacy in training, there certainly has been no showing of deliberate indifference. *Bontwell*, supra; see *Anderson v. City of Glenwood*, 893 FSupp. 1086, 1089 (S.D. Ga. 1995) (persuasive authority).

Deputy Darley arrested Lowe for DUI[2] and engaged in the foot pursuit after Lowe bolted because he believed Lowe was endangering himself as well as others by running across the four lane road.

This incident was the only incident since Sheriff Reece had been sheriff in which a DUI suspect had been struck by a vehicle. Further, there was no pattern of incidents of other police misconduct during arrests of suspects.

Therefore, no evidence has been shown of any official county policy or custom of improperly engaging in foot pursuit which would endanger a citizen, nor was there evidence that the county or the sheriff endorsed an informal policy or custom of improperly arresting citizens. Jones County and Sheriff Reece were entitled to summary judgment on this basis. *Watson*, supra; *Bell*, supra; compare *Mayor*

---

[2] Lowe's blood alcohol registered .30.

*&c. of Savannah v. Wilson*, 214 Ga. App. 170, 171 (1) (447 SE2d 124) (1994).

Finally, because Lowe ran and the evidence does not show that the officers ever had Lowe handcuffed or fully under control, no causal nexus has been shown between any alleged lack of training and the death of Lowe. See *Thompson v. Chapel*, 229 Ga. App. 537, 538 (1) (494 SE2d 216) (1997).

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED MARCH 9, 1998 —
RECONSIDERATION DENIED MARCH 20, 1998

*Buzzell, Graham & Welsh, Neal B. Graham, Stephen M. Welsh,* for appellant.

*Groover & Childs, Duke R. Groover, Frank H. Childs, Jr.,* for appellees.